ON THE MERITS
A peremptory. -exception .of no cause of action questions whether the law extends a remedy to anyone under -the factual allegations of . the- petition. Its | ¿function is to “test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts” that are alleged in the petition. Everything on Wheels Subaru, Inc. v. Subaru S., Inc., 616 So.2d 1234, 1235 (La.1993). “No evidence may-be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.” La.Code Civ.P. art. 931. “Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the Davis the opportunity of presenting evidence at trial.” Indus. Cos., Inc. v. Durbin, 02-665, p. 7 (La. 1/28/03), 837 So.2d 1207, 1213. “All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff,” City of New Orleans v. Bd. of Dirs. of La. State Museum, 98-1170, p. 9 (La. 3/2/99), 739 So.2d 748, 755.
*43 LUTPA prohibits “unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce,” LaJR.S. 51:1405, and grants a right of action to any business competitor, consumer, or person “who suffers an ascertainable loss” as a result, of another person’s use of such practices. Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc., 09-1633, p. 6 (La. 4/23/10), 35 So.3d 1053, 1057 (plurality). Given the sweepingly broad statutory language, it has been left up to the courts to decide, on a case-by-case basis, what conduct constitutes a LUTPA violation. Quality Envtl. Processes, Inc. v. I.P. Petroleum Co., Inc., 13-1582, 13-1588, 13-703 (La. 5/7/14), 144 So.3d 1011. The supreme court has, however, consistently held that,' to establish a LUTPA claim, a plaintiff must show that “the alleged conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious.” Id. at 1025 (quoting Cheramie Servs., Inc., 35 So.3d at 1059). “[T]he range of | ^prohibited practices under LUTPA is extremely harrow,” though, as it prohibits only fraud, misrepresentation, and similar conduct, and not mere negligence. Cheramie, 35 So.3d at 1060. Moreover, “only egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct .will be sanctioned based on LUTPA.” Id.
Martin first asserts the trial court committed legal error in concluding the facts herein involve “trade” or “commerce.” Relying once again on Webb’s interpretation of “trade” or “commerce” as ■ defined in La.R.S. 51:1402(10),[3] Martin claims this court has held that the lease of immovable property does, not fall within the definition of “trade” or “commerce” and, therefore, LUTPA does not apply to a lease of immovable property. Martin next alleges legal error in the trial court’s failing to find that this is simply a breach of contract case outside the purview of LUTPA. In support, Martin again cites to Shaw for the- proposition that even if Davis alleges deceitful conduct, the relationship of the parties (lessor/lessee) and the nature of their disagreement (breach of lease) are nothing more than a, breach >of contract dispute. And, Martin argues, it has long been established that LUTPA do,es not provide alternative remedies for breach of contract claims. Citing Shaw, 884 F.Supp. 1064.
Further, Martin asserts the trial court legally erred in finding Davis alleged sufficiently egregious conduct, since Davis’s first amended petition does not allege that any of Martin’s purported acts violated public policy or otherwise gave rise to | ¡¡the level of egregiousness prohibited by LUTPA. Martin claims that (1) Davis is not .the “consumer” for which LUTPA was enacted to provide protection against misrepresentation or fraud; (2) the lease does not require that Martin disclose any information regarding assessments acquired pursuant to its lease obligations; (3) Davis has not alleged any facts showing that Martin took action with specific intent to harm- Davis or that Davis is even considered a competitor; and (4) Davis’s conclusory statement that public policy was offended by Martin, because the leased property is located on and is part of the Calcasieu Ship Channel does not set forth any public policy on behalf of this state. While Davis has alleged a cause *44 of action for breach of contract, Martin claims that Davis has not alleged conduct that would suggest Martin acted unlawfully with improper and intentional means or with other behavior that would fall within LUTPA’s proscribed conduct. Merely presenting conclusory allegations regarding Martin’s conduct and labeling it as unfair and deceptive fails to establish a cause of action under LUTPA.
Finally, Martin claims the trial court committed legal error in failing to prohibit Davis from integrating ongoing discovery complaints into its LUTPA claims. Each and every claim Davis has recently made goes back to the allegations that Martin “hid” documents during discovery that were later identified and produced as proof of a LUTPA violation. Citing Quality Envtl. Processes, Inc., 144 So.3d 1011, Martin argues the supreme court has concluded that discovery-related disputes are not actionable under the LUTPA.
In opposition, Davis first asserts that the commercial nature of the lease satisfies the “trade” and “commerce” element of its LUTPA claim. Davis also clarifies that Webb merely held that the lease of the hunting property and camp therein, which are a far cry from the critical piece of commercial property at issue therein, did not fall within the definition of “trade” or “commerce.” Second, Davis claims this is not a simple breach of contract claim. Rather, coupled with the unfair and deceptive acts, Davis has also specifically alleged that Martin is a bad faith obligor, which means an intentional bad faith breach of this commercial lease that would fall within the purview of LUTPA, citing Volentine v. Raeford Farms of La., LLC, 50,698 (La. App. 2 Cir. 8/15/16), 201 So.3d 325, writs denied, 16-1924, 161925 (La. 12/16/16), 212 So.3d 1171. Third, Davis has alleged conduct of Martin that is both (1) unfair in that it offends the public policy of this state against deceitful and dishonest contractual dealings, as well as involves the Calcasieu Ship Channel, a major source of industry, commerce, and economic stability in this state, and (2) deceptive in leasing property and then letting it deteriorate to a point where it will cost approximately $10 million to repair. This conduct, Davis alleges, is sufficiently egregious for Davis to prevail on its LUTPA claim.
Finally, Davis argues this is not a mere discovery dispute, as Davis is alleging Martin actively hid documents that showed it was in active breach of the lease and affirmatively misled Davis, while allowing the docks to fall into disrepair. Martin’s efforts to avoid or postpone incurring millions of dollars in repair expenses, along with its scheme to avoid or to, at least, delay disclosure of such efforts, were all part of a well-orchestrated plan to communicate with Davis in a deceitful, deceptive, and dishonest way, significantly misrepresenting what Martin actually knew as to the large and costly problems at these docks. As the petition alleges, Martin has known for at least six years of the need for these $7 to $10 million repairs, thus elevating these acts to much more than a simple discovery dispute.
| ^Reviewing the petition, the trial court found Davis had alleged sufficient facts that, if true, constitute unfair and deceptive acts by Martin and denied the exception of no cause of action. Looking solely at the petition and accepting all allegations of fact as true and according its language every reasonable interpretation, we find that Davis has alleged sufficient facts to satisfy the jurisprudential standards of (1) unfairness in that Davis specifically alleges Martin’s conduct and practices in relation to its lease obligations offend public policy and are unethical, oppressive, unscrupulous or substantially injurious, and (2) deceptiveness in that Davis *45 alleges Martin’s actions constitute fraud, deceit, or misrepresentations. Davis also alleges the egregiousness of Martin’s efforts to delay full compliance with its mul-ti-million-dollar obligation to maintain and repair the commercial docks in a commercial and state-wide context, particularly as to activities along the Calcasieu Ship Channel. We make no determination here of whether the claims presented by Davis can ultimately be proven at trial. The only question we answer here is whether, in a light most favorable to the Davis, the petition states a valid cause of action under LUTPA. We find that Davis’s allegations are sufficient to survive Martin’s exception of no cause of action. Therefore, the writ is denied.
CONCLUSION
Finding no error in the ruling of the trial court, Martin’s application for supervisory writs is denied.
WRIT DENIED.

. La.R,S. 51:1402(10) provides:
"Trade” or "commerce” means the advertising, offering for sale, sale, or distribution of any services and any property, corporeal or incorporeal, immovable or movable, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state.